UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.M.,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>Christopher J. LAROSE, et al.,<br><br>　　　　　　　　　Respondents. | Case No.: 25-cv-3186-AGS-DEB<br><br>**ORDER REQUIRING RESPONSE AND GRANTING MOTION TO PROCEED PSEUDONYMOUSLY (ECF 2)** |

Petitioner challenges his immigration detention. He seeks a writ of habeas corpus under 28 U.S.C. § 2241 as well as leave to proceed under the pseudonym "R.M."

### *EX PARTE* MOTION TO USE PSEUDONYM

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). But when the claims involve "sensitive and highly personal issues," a party may proceed pseudonymously if the "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000). When "pseudonyms are used to shield the anonymous party from retaliation," as alleged here, courts must consider: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears," "(3) the anonymous party's vulnerability to such retaliation," (4) "the precise prejudice . . . to the opposing party" at "each stage of the proceedings," and (5) "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* at 1068 (citations omitted).

Petitioner alleges that he "is an Azerbaijani man" and that he is currently "applying for asylum in the United States based on his fear of persecution in his home country." (ECF 2, at 2–3.) If he used his real name here, "Azerbaijani authorities" could learn that "he sought asylum," which would "amplif[y]" his "safety concerns." (*Id.* at 3.) He also points to a "related class action complaint" in which he is a likely proposed class member.

1

(*Id*. at 2, 4.) In that case, the named plaintiffs, who are "facing deportation to countries where they have faced persecution and torture," were granted anonymity based on the court's analysis of the five required factors. *A.M. v. U.S. Dep't of Homeland Sec.*, No. 25-cv-2308-JO-AHG, ECF 7 (S.D. Cal. Sept. 23, 2025). Petitioner claims that he "faces the same circumstances." (ECF 2, at 4.)

At this stage, the Court grants the motion to proceed pseudonymously and adopts the *A.M.* court's reasoning on a similar record. *See A.M.*, No. 25-cv-2308-JO-AHG, ECF 1, 4, 7. Also, two additional considerations are worth mentioning regarding the five-factor analysis. First, there appears to be little prejudice to the respondents here. "Petitioner, through counsel, provided the U.S. Attorney's office with his legal name and A-Number." (ECF 2, at 4.) The "knowledge defendants have of plaintiffs' identities . . . lessens" any "prejudice[] by the use of pseudonyms." *Advanced Textile Corp.*, 214 F.3d at 1069 n.11.

Second, the public-interest factor seems to favor anonymity. After all, R.M. has applied for asylum. "Asylum seekers have the right to keep confidential any information contained in or pertaining to an asylum application that allows a third party to link" their identities to, among other things, facts giving "rise to a reasonable inference that the applicant has applied for asylum." *A.B.T. v. United States Citizenship & Immigr. Servs.*, No. 2:11-cv-02108 RAJ, 2012 WL 2995064, at *5 (W.D. Wash. July 20, 2012) (expressing "grave concerns" about "essentially requiring the parties to violate" these confidentiality regulations by not granting pseudonymity and citing 8 C.F.R. §§ 208.6, 1208.6); *see also Doe v. Bernacke*, No. 2:23-cv-01453-RFB-VCF, 2023 WL 6311458, at *2 (D. Nev. Sept. 27, 2023) (granting pseudonymity and citing "policies that generally protect the confidentiality of information related to asylum applications").

The public also has an interest in avoiding the chilling of lawsuits brought to enforce public rights. In cases against government entities, "personal anonymity is more readily granted" because "there is arguably a public interest in a vindication of [an individual's] rights," and personal characteristics are generally not at issue. *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003); *see also Publius v. Boyer-Vine*, 321 F.R.D. 358, 366

(E.D. Cal. 2017) (granting pseudonymity to blogger who published home addresses of California legislators who had voted in favor of gun-control measures because "the fact that Defendant is a government entity tips the balance"); *cf. Advanced Textile Corp.*, 214 F.3d at 1072–73 (finding public interest weighed in favor of allowing pseudonymity in Fair Labor Standards Act matter and "fail[ing] to see[] how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in this case").

On the other hand, the Court is mindful that it has not yet heard the government's position on this *ex parte* motion. Perhaps the government has information that would alter the legal analysis and lead to a different result. If so, it may so move, and the Court will consider the issue anew.

For now, R.M. has shown that his need for anonymity outweighs any prejudice to defendant or to the public's interest. He may proceed pseudonymously.

## HABEAS SCREENING

Next, the Court must screen R.M.'s habeas petition. R.M. need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting use of those Rules to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

R.M. alleges that he was "detained in a manner arbitrary, capricious, [and] without required process" in "violat[ion] of the Administrative Procedure Act" and that "his detention violates his rights under the Fifth Amendment to the U.S. Constitution." (ECF 1, at 3.) R.M. "fears persecution" in his home country "Azerbaijan," due to his "political beliefs." (*Id*. at 5.) In 2024, he "entered the United States," was "issued a Notice to Appear," "placed in standard removal proceedings," and "released without detention." (*Id*.)

"Within one year," he "applied for asylum." (*Id.*) On "July 11, 2025," R.M. "attended a scheduled, mandatory hearing," during which respondents "orally moved to dismiss R.M.'s immigration case," which was granted. (*Id.* at 6.) When R.M. "exit[ed] the hearing, ICE immediately arrested" him in the hallway. (*Id.*) He has been detained ever since, and he was also "placed" in "'expedited removal' proceedings under INA § 235 (8 U.S.C. § 1225(b))." (*Id.*)

This challenge has sufficient potential merit to warrant a response. Functionally identical cases across California have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Noori v. Larose*, No. 25-cv-1824-GPC-MSB, 2025 WL 2800149, at *2 (S.D. Cal. Oct. 1, 2025) (granting habeas petition for Afghan asylum-seeker after respondents "orally moved to dismiss the case" before the petitioner "was detained by ICE agents" and then "placed in expedited removal proceedings"); *Salcedo Aceros v. Kaiser*, No. 25-cv-06924-EMC, 2025 WL 2637503, at *1, *4 (N.D. Cal. Sept. 12, 2025) (granting preliminary injunction in favor of a "removable" "noncitizen" who "appeared at [immigration court] for a scheduled hearing" and "was arrested by Immigration and Customs Enforcement [] agents and detained"); *Garcia v. Andrews*, No. 25-cv-01006-JLT-SAB, 2025 WL 2420068, at *1 (E.D. Cal. Aug. 21, 2025) (granting preliminary injunction in favor of "Nicaraguan national" who "appeared for his scheduled . . . [asylum] hearing," had his case "orally" "dismissed," and "was arrested by ICE agents" "upon exiting the courtroom"); *see also Aviles-Mena v. Kaiser*, No. 25-cv-06783-RFL, 2025 WL 2578215, at *3–*5 (N.D. Cal. Sept. 5, 2025) ("[W]hen ICE affirmatively chooses to release an individual on parole, it has made the determination that it no longer intends to fast-track their removal and that it will proceed with the standard removal process under 8 U.S.C. § 1229a.").

## CONCLUSION

By **December 17, 2025**, respondents must answer the petition. Any reply by petitioner must be filed by **January 5, 2025**. The Court will hold oral arguments on the petition on **January 13, 2026**, at **2:00 p.m.**

4

1 | Dated:  November 21, 2025

_____
Hon. Andrew G. Schopler
United States District Judge